MARSCHALL et al. v. SMITH et al.†

(Court of Civil Appeals of Texas. Oct. 26, 1910. On Motion for Rehearing, Dec. 14, 1910.)

1. ATTORNEY AND CLIENT (§ 190*)—APPEAL —DISMISSAL—MOTIONS—PARTIES ENTITLED— ATTORNEYS INTERESTED IN RECOVERY.

Although Rev. St. 1895, art. 4647, provides that attorneys, filing an acknowledgment by the client that they are entitled to a certain part of the recovery, etc., are protected from purchasers, etc., this statute does not make them such parties to an action that they can come in and resist a motion by their client to dismiss the appeal, in the absence of an intervention filed in the lower court setting up their rights.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 415; Dec. Dig. § 190.*]

2. ATTORNEY AND CLIENT (§ 190*)—DISMISSAL —EFFECT OF DISMISSAL.

The dismissal of an appeal by the party seeking to recover will not deprive his attorney, who is interested in the recovery, of any right which he might assert, provided the attorney has complied with Rev. St. 1895, art. 4647, which protects, as against purchasers, the rights of attorneys who file, etc., an acknowledgment by the client that they are entitled to a certain part of the recovery, etc.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 190.*]

3. APPEAL AND ERROR (§ 712*) — REVIEW — SCOPE—QUESTIONS CONSIDERED—QUESTIONS OF FACT.

Where the record does not show that attorneys who have an interest in the recovery in an action are parties, the appellate court is precluded from going outside of the record to ascertain this fact, under Rev. St. 1895, art. 998, forbidding the Court of Civil Appeals from passing on questions of fact, except for the purpose of ascertaining jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 712.*]

Appeal from District Court, Llano County; Clarence Martin, Judge.

Action by Temple D. Smith and others against Ernst Marschall and wife, in which the defendant named filed a counterclaim. Judgment for plaintiffs, and defendants appeal. On motion to withdraw submission and dismiss appeal, in which O. R. Seiter and J. H. Tallichet, claiming an interest in the recovery as appellants' attorneys of record, resisted the motion. Appeal dismissed.

Ernst Marschall, for the motion. O. R. Seiter and J. H. Tallichet, opposed.

RICE, J. Temple D. Smith, Adolph Gold, and Fred Walter, partners doing business under the firm name of the Bank of Fredericksburg, brought this suit against Ernst Marschall and wife to enforce the collection of a promissory note given by said Marschall for the sum of $560, payable to their order, as well as for the foreclosure of the deed of trust given by Marschall and wife to secure the payment thereof. Defendants answered, setting up that the tract of land upon which plaintiffs sought to foreclose their lien was their homestead. And Ernst Marschall further answered, by way of counterclaim, that the note sued upon was wholly void and without consideration, in that the same was executed in payment of usury, and prayed for judgment against plaintiffs for the usury so paid them, and for the penalty denounced by law against appellees for the collection of usury. The trial resulted in a verdict and judgment for plaintiffs for the amount of their note, interest, and attorney's fees, but denied foreclosure on the land in question on the ground that the same was defendants' homestead, and in favor of plaintiffs against defendants on their counterclaim, from which this appeal was prosecuted.

The case was submitted in this court on May 11, 1910, upon briefs filed in behalf of appellants by their attorneys, O. R. Seiter and J. H. Tallichet, Esqs.; no briefs being filed for appellees. Before the case was passed upon by this court, to wit, on June 16, 1910, Ernst Marschall filed his motion asking to withdraw the submission and dismiss said appeal, stating as ground therefor that prior to the submission of said cause in this court, the matters in controversy herein were compromised and settled between the parties, and that it was agreed between the parties to said cause that appellant's appeal should be dismissed by him. That thereafter, and prior to the submission of said cause, he requested and instructed his attorney of record, O. R. Seiter, Esq., to file a motion to dismiss said appeal, but that said attorney, without the consent or knowledge of appellant, refused and failed to file such motion, and that said cause was submitted in this court without his knowledge or consent. Before said motion was acted upon, but after its submission, said attorneys, Messrs. Tallichet and Seiter, presented to this court their answer thereto, which was not filed by the clerk because it was received by him too late, but which, nevertheless, has been considered by us, wherein they resist appellant's right to dismiss this appeal, for the reason that on February 10, 1909, they were retained by said Marschall as his attorneys by written power of attorney of said date, duly acknowledged, wherein, in consideration of their services as such attorneys, rendered and to be rendered in said cause, he transferred and conveyed unto them two-thirds of whatever sum of money they might recover in said cause of action by judgment, compromise, or otherwise; that prior to the rendition of said judgment, to wit, on or before March 7, 1910, said power of attorney was duly filed with the papers in said cause in

the trial court, and a notation thereof was duly made by the clerk on the margin of the minute book where said judgment is recorded; that prior to March 17, 1910, they had filed briefs for appellants in said cause, both in this court and the trial court, and that on April 7, 1910, appellant Ernst Marschall for the first time requested his said attorney, Seiter, to dismiss said appeal; that by virtue of said power of attorney, they are the sole and unconditional owners of an undivided two-thirds interest in said cause of action, and that neither of them have in any manner or form whatsoever compromised or settled their said interest in said cause of action, or any part thereof. Wherefore they pray that said motion to withdraw the submission and dismiss the appeal herein be denied.

Since the transcript fails to show that said attorneys had or owned any interest in said cause of action set up against plaintiffs by said Marschall in his counterclaim, and since they are not parties to this appeal, we are inclined to believe that they are not entitled to be heard on their answer resisting a dismissal thereof. While it is true, as provided by article 4647 of the Revised Statutes' of 1895, relied upon by them, that the acknowledgment by appellant and the subsequent filing and notation of said power of attorney by the clerk was full notice of the transfer of said cause of action and valid and binding upon all persons subsequently dealing with reference thereto, whether they had actual knowledge of said transfer or not, still, it seems to us that this did not confer any right upon said attorneys to control this appeal, in the absence of an intervention filed by them in the lower court setting up their rights. In determining the question here presented we feel constrained to look alone to the record for the purpose of ascertaining who are the parties to the litigation, and, therefore, who have the right to control the same; and in so doing the record fails to show that said attorneys are parties litigant; hence they have, in our judgment, no right to resist the motion by appellant to dismiss. The article of the statute above alluded to was, we think, merely intended to prevent the assignor of any such judgment or cause of action from defeating the assignee's' right therein by a transfer, and preventing any person thereafter dealing with him from becoming an innocent purchaser thereof. We believe that as said attorneys are not parties to this record, they are not concluded by this judgment of dismissal; but if, as they assert, their power of attorney conferring an interest was duly filed among the papers of the cause, and the proper notation made by the clerk, as required by law, of which we entertain no doubt, they would still have the right to assert whatever cause of action they may have based thereon.

To refuse to grant appellants' motion to dismiss upon the grounds set out would require us to pass upon the truth of the matters of fact set up by the resistance of said attorneys, which we are not permitted by law to do. We have no right to pass upon questions of fact not presented by the record, except for purposes of ascertaining the jurisdiction of this court. See article 998, Rev. St. We therefore conclude that it is our duty to set aside the submission of this cause and dismiss the appeal as requested by appellants, and it is so ordered.

## On Motion for Rehearing.

We have carefully reviewed the authorities cited in the motion for rehearing filed herein. These cases simply assert the doctrine, if we understand them, that attorneys to whom a portion of a cause of action for damages has been transferred or assigned are not necessary parties to the suit to recover damages, and while this is true, still we do not think that it militates against the conclusion arrived at by the court in its original opinion that, in the absence of any showing in the record that they were interested in the result of the suit, said attorneys should not be allowed to control its disposition in this court. For which reason we overrule the motion for rehearing.

Since the motion for rehearing was filed Mr. J. H. Tallichet, one of the counsel whose name is signed both to the motion resisting appellants' right to dismiss the appeal, as well as the motion for rehearing, has filed in this court the following suggestion: "Comes now J. H. Tallichet, and represents and shows to the court that he has and claims no interest whatever in the subject-matter of above suit, but that any contingent interest therein in the nature of an assignment for attorney's fees is wholly the property of O. R. Seiter. Further, that said J. H. Tallichet not having actually prepared any of the briefs or motions herein, or participated in their preparation, desires his name stricken from the docket as an attorney therein. This statement and suggestion is made without any intention of prejudicing the rights of said O. R. Seiter, who doubtless considered said J. H. Tallichet entitled to share in his fees secured by assignment of part of the cause of action, on account of assistance rendered by said J. H. Tallichet in the district court, and who doubtless signed the name of said Tallichet to the papers filed herein as a courtesy, considering him of counsel. [Signed] J. H. Tallichet, for Himself"—thereby showing that he has no interest in the pending controversy, and asking that his name be stricken from the docket as an attorney therein; which motion, after due consideration, has been granted, and the clerk is directed to strike his name from the docket as an attorney herein, as therein requested.

Motion for rehearing overruled.