MARSCHALL et al. v. SMITH et al.

(Court of Civil Appeals of Texas. Austin. June 18, 1913.)

ATTORNEY AND CLIENT (§ 189*)—LIEN—PROTECTION AGAINST SETTLEMENT.

Where the parties to an action, before filing the power of attorney transferring to the attorneys an interest in the suit, had compromised all matters at issue under an agreement requiring a pending appeal to be dismissed, appellees, who had no notice of the attorneys' interest when the compromise agreement was made, could enforce the agreement by requiring appellants to dismiss the appeal.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 407–411; Dec. Dig. § 189.*]

Supplemental opinion on motion to dismiss the appeal. Appeal dismissed.

For former opinion, see 132 S. W. 812.

See, also, 147 S. W. 226.

O. R. Seiter, of Chicago, Ill., and J. H. Tallichet, of Houston, for appellants. J. H. McLean, of Llano, for appellees.

RICE, J. While this appeal was pending, appellants filed their motion to withdraw the submission and dismiss said appeal, on the ground that the respective parties had compromised and settled the matters at issue between them. This motion was resisted by their attorneys of record, Messrs. Seiter & Tallichet, for the reason that they had acquired an interest in said cause of action prior to such settlement by written assignment thereof, which had been duly filed in the papers of said cause, and notation thereof made in the minutes, in accordance with article 4647, R. S. 1895. This court dismissed said appeal, however, notwithstanding said objection on the part of counsel, holding that, since the transcript failed to show that they had any interest in said cause of action, they had no right, as against appellants, to control said appeal. See Marschall v. Smith, 132 S. W. 812. After motion for rehearing had been denied, Mr. O. R. Seiter, one of said attorneys (the other, Mr. J. H. Tallichet, having filed a disclaimer of any interest therein), sued out a writ of error to the Supreme Court, which court on May 8, 1912, reversed our judgment, holding that we were in error in dismissing said appeal—that we not only had the inherent power, but that it was our duty under article 998 of the Revised Civil Statutes, to hear evidence and determine the issue raised by said motions, as will more fully appear by reference to the opinion of said court in Seiter v. Marschall et al., 147 S. W. 226.

Though said opinion was rendered on May 8, 1912, the same, with the mandate of said court, for some reason, was not returned to and filed in this court until April 10, 1913. In conformity with said opinion, this court on the 30th of April last gave notice to said parties that on June 4th it would hear evidence by affidavit in support of their respective contentions; and, the same having been filed by them, after due consideration thereof, we are of the opinion that it satisfactorily appears that the parties to this litigation, on the 2d of March, 1910, and prior to the filing by said attorneys of their power of attorney in the papers of the cause transferring to them an interest in said suit, had fully compromised all matters at issue between them, wherein it was agreed that appellants herein, in consideration of such settlement, would dismiss this appeal; and since it appears that appellees had no notice, either actual or constructive, of the interest of said attorneys in said cause of action at the time of such agreement, they were entitled, as matter of right, to the enforcement thereof, and appellants rested under obligation to procure such dismissal; for which reasons we are of the opinion that said motion should be sustained, and the appeal dismissed, and it is accordingly so ordered.

Appeal dismissed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes